**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESLEY WAYNE AUSTIN, | No. 17-35048 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00172-BLW |
| v. | |
| LAWRENCE G. WASDEN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Federal prisoner Wesley Wayne Austin appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims

arising from his state court conviction.   We have jurisdiction under 28 U.S.C. §

1291.  We review de novo. *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A) .

We affirm.

The district court properly dismissed Austin's action as *Heck*-barred because success on the claims would necessarily imply the invalidity of his sentence, and Austin failed to show that his sentence has been invalidated. *See Heck*, 512 U.S. at 486-87 (explaining that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

**AFFIRMED.**